EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Nelton R. Roldán Rosario y otros<br>　　　Recurridos<br><br>　　v.<br><br>Lutrón, S.M., Inc.<br>　　　Peticionaria | Certiorari<br><br>2000 TSPR 121 |
| --- | --- |

Número del Caso: CC-1999-0571

Fecha: 21/julio/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente:　Hon. Rivera de Martínez

Abogados de la Parte Peticionaria:

　　　　　　　　Martínez Odell & Calabria
　　　　　　　　Lcdo. Francisco M. Ramírez Rivera
　　　　　　　　Lcda. Roxana M. Viera Canales

Abogados de la Parte Recurrida:

　　　　　　　　Lcdo. Carlos Mondríguez

Materia: Daños y Perjuicios

　　　Este documento constituye un documento oficial del Tribunal
　　　Supremo que está sujeto a los cambios y correciones del
　　　proceso de compilación y publicación oficial de las
　　　decisiones del Tribunal. Su distribución electrónica se hace
　　　como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nelton R. Roldán Rosario y
otros

     Demandantes-recurridos

       v.                         CC-1999-571  CERTIORARI

Lutrón, S.M. Inc.

     Demandada-peticionaria

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 21 de julio de 2000

**El co-demandante recurrido, Nelton Roldán Rosario trabajó para la demandada Lutrón S.M., Inc. --en adelante, "Lutrón"-- desde el 5 de diciembre de 1988 hasta el 19 de mayo de 1997. El demandante era uno de los ocho empleados que laboraban en la línea de ensamblaje Coral, dedicada a la producción de reductores de luces ("deemers"). Sobre cada empleado de la línea Coral había un abanico para combatir el calor. Según alega Roldán Rosario, a mediados de mayo de 1997 le indicó a su supervisor que el abanico que estaba sobre él emitía ruidos y que las cadenas de seguridad que lo sujetaban se movían mucho. Un día después, miércoles, le indicó a su supervisor que**

**el abanico se estaba moviendo y le manifestó que a su juicio, se estaba zafando y podía caerse. Nada se hizo al respecto. El lunes siguiente el abanico se desprendió y cayó sobre el cuerpo del demandante, provocándole traumas en la cabeza y otras partes del cuerpo.**

Basado en tales hechos, el demandante acudió ante la Sala Superior de Humacao del Tribunal de Primera Instancia en reclamación de daños y perjuicios contra Lutrón.[1] La demandada inmediatamente solicitó la desestimación de la acción radicada, alegando que la demanda no exponía una reclamación que justificara la concesión de un remedio, Regla 10.2 de las de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III R. 10.2, por alegadamente resultar de aplicación al caso de autos el <u>principio de inmunidad patronal</u> establecido por la Ley de Compensaciones por Accidentes del Trabajo.

El tribunal de primera instancia desestimó la demanda pues resolvió que Luzón gozaba de inmunidad patronal, <u>ello a la luz de los hechos alegados en la demanda</u>. En su sentencia, el tribunal de instancia razonó que:

> "[...] independientemente de las alegaciones contenidas en la demanda en cuanto al hecho de que alegadamente el co-demandante informara sobre el estado del abanico a otros compañeros y al líder del grupo y nada presumiblemente se hiciera para corregirlo, los cuales no han venido sostenidos y/o corroborado con prueba fehaciente que ello fuera cierto, lo cierto también es que conforme al propio Artículo 20 de la Ley del

---

[1] **Conforme surge de la demanda radicada, el demandante Roldán Rosario es viudo. En dicha demanda, figuran como codemandantes dos hijos menores de edad del mencionado demandante.**

> Fondo de Seguro del Estado en accidentes del trabajo, el único remedio que tiene el empleado contra su patrono son los beneficios o compensación que obtenga del referido organismo y a nada más."

**Copia de dicha sentencia fue notificada y archivada en autos el 22 de diciembre de 1998. Posteriormente, los demandantes radicaron, en tiempo, ante el tribunal de instancia una solicitud de determinaciones de hechos adicionales, al amparo de las disposiciones de la Regla 43.3 de Procedimiento Civil, para que aceptara como probados, y añadiera a su sentencia, los hechos alegados en la demanda bajo el fundamento de que ante una moción de desestimación los tribunales deben tomar como ciertos los hechos bien alegados en la demanda. Los demandantes, _además_, presentaron, en tiempo, una solicitud de reconsideración ante el tribunal de instancia. Esta última petición fue declarada No Ha Lugar de plano, notificándose la misma el 21 de enero de 1999. En esa misma fecha, el tribunal dictó orden declarando No Ha Lugar la solicitud de determinaciones de hechos adicionales, orden que fue notificada el 11 de febrero de 1999.**

De la sentencia dictada por el tribunal de instancia, los demandantes recurrieron al Tribunal de Circuito de Apelaciones el 15 de marzo de 1999. El 5 de abril, Lutrón presentó moción de desestimación por falta de jurisdicción, alegando que la solicitud de hechos adicionales presentada por los demandantes tenía como único propósito aumentar el término jurisdiccional para presentar el recurso de

apelación y, por consiguiente, el tribunal apelativo carecía de jurisdicción para entender en el caso por haberse presentado tardíamente el recurso de apelación.

El 14 de abril de 1999, Lutrón presentó un escrito en oposición a la apelación, argumentando principalmente que le cobijaba la inmunidad patronal conferida por la Ley de Compensaciones por Accidentes del Trabajo. Oportunamente los demandantes se opusieron, mediante moción, a la petición de desestimación por falta de jurisdicción.

El 15 de junio de 1999, el Tribunal de Circuito de Apelaciones emitió sentencia en la cual determinó que había errado el Tribunal de Primera Instancia al considerar que "no tenía que aceptar como ciertos los hechos bien alegados en la demanda, sino que éstos tenían que ser sostenidos y/o corroborados con prueba fehaciente de que ello fuera cierto." En consecuencia, revocó la sentencia apelada y devolvió el caso al tribunal de primera instancia para la continuación de los procedimientos.

De esa sentencia del tribunal apelativo recurrió ante este Tribunal el demandado argumentando, en síntesis, que la misma debe ser revocada ya que, independientemente de que los hechos alegados en la demanda se tomen como ciertos, Lutrón está cobijado por la inmunidad patronal que confiere el Artículo 20 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. Sec. 21. En su señalamiento de errores, alega la parte peticionaria, que erró el tribunal apelativo:

-al asumir jurisdicción en el caso de autos y al entender que la moción solicitando determinaciones de hecho adicionales presentada por los demandantes interrumpió el término para apelar;

-al revocar la decisión del tribunal de instancia bajo el fundamento de que dicho tribunal no hizo determinaciones de hechos;

-al no aplicar a los hechos del presente caso la doctrina de inmunidad patronal de la Ley de Compensaciones por Accidentes del Trabajo y al no resolver el error señalado por la parte demandante.

El 26 de octubre de 1999 emitimos resolución concediéndole el término de veinte días a la parte demandante-recurrida para mostrar causa por la cual este tribunal no debía expedir el auto solicitado y dictar sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones.

Contando con la comparecencia de ambas partes, procedemos a resolver.

I

Según la Regla 43.2:

"En todos los pleitos el tribunal especificará los hechos probados y separadamente consignará sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda; y al conceder o denegar injunctions interlocutorios, el tribunal, de igual modo, consignará las determinaciones de hechos y conclusiones de derecho que constituyan los fundamentos de su resolución. Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente

erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos. Las determinaciones de hechos de un comisionado, en tanto en cuanto el tribunal las adopte, serán consideradas como determinaciones de hechos del tribunal.

No será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho:

(a) Al resolver mociones bajo las Reglas 10 ó 36 o al resolver cualquier otra moción, a excepción de lo dispuesto en la Regla 39.2;

(b) En casos de rebeldía;

(c) Cuando las partes así lo estipulen;

**(d) Cuando por la naturaleza de la causa de acción o el remedio concedido en la sentencia, el tribunal así lo estimare."**

En lo pertinente al caso de autos, el tenor de la regla es claro. Ante una moción de desestimación, por razón de la demanda no exponer una reclamación que justifique la concesión de un remedio[2], o de sentencia por las alegaciones[3], el tribunal de instancia no está obligado a exponer en su sentencia las determinaciones de hechos en que se sustente su decisión.

Por otro lado, en Unisys v. Ramallo Brothers, 128 D.P.R. 842, 858 (1991), dijimos que, a los fines de disponer de una moción de desestimación, tienen que presumirse como ciertos los hechos bien alegados en la demanda. Granados v. Rodríguez Estrada I, 124 D.P.R. 1 (1989); Romero Arroyo v. E.L.A., 127 D.P.R. 724 (1991); Pueblo v. Rodríguez Aponte, 116 D.P.R. 653 (1985); First Fed. Savs. v. Asoc. de Condómines, 114 D.P.R. 426 (1983).

---

[2] **Véase Regla 10.2 de Procedimiento Civil.**

[3] **Regla 10.3 de Procedimiento Civil.**

En otras palabras, cuando se pide la desestimación de una demanda "por vicio intrínseco de la misma el que formula la moción hace el siguiente planteamiento: 'Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dice en esta demanda es cierto, pero aun así, no aduce una reclamación que justifique la concesión de un remedio, o no se ha unido una parte indispensable, o el tribunal no tiene jurisdicción, etc.' Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido". R. Hernández Colón, Manual de Derecho Procesal Civil, Hato Rey, Ed. Equity de Puerto Rico, 1969, pág. 179.

Resulta importante que se señale que esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que no den margen a dudas. First Fed. Savs. v. Asoc. de Condómines, ante, págs. 431-432. Acentuamos, además, que las alegaciones de la demanda se examinarán liberalmente y de la manera más favorable al demandante. Únicamente se desestimará la acción si el promovente no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar en juicio. Granados v. Rodríguez Estrada I, ante; González Camacho v. Santos Cruz, 124 D.P.R. 396 (1989); Candal v. CT Radiology Office, Inc., 112 D.P.R. 227 (1982); Moa v. E.L.A., 100 D.P.R. 573, 587 (1972); Reyes v. Sucn. Sánchez Soto, 98 D.P.R. 305 (1970); J. A. Cuevas Segarra, Práctica Procesal Puertorriqueña:

Procedimiento Civil, San Juan, Pubs. J.T.S., 1985, Vol. II,

Cap. III, págs. 63-64; Regla 70 de Procedimiento Civil, 32

L.P.R.A. Ap. III.

En lo relativo a la moción de determinaciones de hechos

adicionales[4], hemos de recordar que dicho mecanismo,

utilizado legítimamente, va dirigido a la consecución de un

ideal de justicia exento de errores. No obstante, la Regla

43.3 sobre determinaciones de hechos adicionales, salvo por

su efecto incidental, no puede ser utilizada con el

---

[4] **Dispone la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 43.3:**

> **"No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubieren hecho por ser innecesarias, de acuerdo a la Regla 43.2, o podrá enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad. La moción se podrá acumular con una moción de reconsideración o de nuevo juicio de acuerdo con las Reglas 47 y 48 respectivamente. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado moción para enmendarlas, o no haya solicitado sentencia."**

**La Regla 43.4, por otro lado, dispone que:**

> **"Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedarán interrumpidos los términos que establecen las Reglas 47, 48 y 53, para todas las partes. Estos términos comenzarán a correr nuevamente tan pronto se archive en el**

propósito de aumentar el término jurisdiccional para apelar o presentar un certiorari. En su proyección adjudicativa inmediata, su razón de ser es brindarle al tribunal sentenciador la oportunidad de enmendar o corregir cualquier error cometido, esto es, hacer cumplida justicia. Dumont v. Inmobiliaria Estado Inc., 113 D.P.R. 406 (1982); Soc. de Gananciales v. A.F.F., supra; Castro v. Rexach Ramírez & Sporting Group, 60 D.P.R. 301 (1942).[5] Sin embargo, una moción de determinaciones de hechos, iniciales o adicionales, que se radique con la mera intención de alargar el plazo para apelar, no interrumpe dicho plazo por ser ilegítima su finalidad.

**Partiendo de dicho estado de derecho, ha de presumirse que una sentencia de desestimación, bajo las Reglas 10.2 ó 10.3, en la cual el juez no haga constar expresamente sus determinaciones de hecho, fue dictada conforme lo establece las normas de derecho vigentes en esta jurisdicción. Es decir, que el juez presumió como ciertos, y tomó en consideración, los hechos bien alegados en la demanda. Por tanto, las determinaciones de hechos a que tiene que haber llegado el proceso mental del juez se ilustran, y necesariamente están basados, en las alegaciones de la parte demandante.**

Resulta forzoso concluir, entonces, que en los casos en que se dicta sentencia desestimatoria, bajo las

---

**autos copia de la notificación de las determinaciones y conclusiones solicitadas."**

disposiciones de las Reglas 10.2 y 10.3 de Procedimiento Civil, ninguna de las partes tiene a su alcance el mecanismo que provee la Regla 43.3 de las de Procedimiento Civil.[6] Ello así ya que en esta clase de situaciones, el juez de instancia no tiene discreción sobre si admite o no la veracidad de los hechos bien alegados en la demanda; el tribunal, repetimos, está obligado a aceptar dichos hechos como ciertos. Esos son los <u>únicos</u> hechos a ser tomados en consideración. <u>No</u> tiene cabida, entonces, <u>ni</u> razón de ser, una moción en solicitud de determinaciones de hechos. En fin, en esta clase de situación, al juez sentenciador sólo le corresponde aplicar el derecho a los hechos bien alegados y es sólo sobre esas conclusiones de derecho que cabría argumentación en contrario. Tal oposición se canaliza, como sabemos, mediante la radicación de una solicitud de reconsideración ante el tribunal sentenciador o mediante la radicación de la correspondiente solicitud de revisión ante un tribunal de superior jerarquía.

En el caso que nos ocupa, la sentencia dictada por el tribunal de instancia ciertamente no es un modelo de claridad. Ello no obstante, nos lleva a concluir que,

---

[5] <u>Andino v. Topeka, Inc.</u>, res. el 10 de abril de 1997, 142 D.P.R. _____ (1997).

[6] De forma análoga resolvimos en <u>U.I.T.I.C.E. v. C.E.A.T.</u>, res. el 17 de febrero de 1999, 99 TSPR 14. Allí resolvimos que la moción de determinaciones adicionales de hechos no tiene el efecto interruptor del término para recurrir al tribunal de superior jerarquía en los casos de revisión judicial en que el tribunal de instancia actúa como tribunal apelativo, sin celebrar vista evidenciaria y, en

independiente de la fraseología utilizada por el juez de instancia y de la corrección jurídica de las conclusiones de derecho que formulara, la actuación de éste no fue la que infirió o concluyó el Tribunal de Circuito de Apelaciones, conclusión en que dicho foro apelativo basó su decisión. A nuestro juicio la confusión en que incurrió el Tribunal de Circuito de Apelaciones tiene su origen en que el juez de instancia expresó que las alegaciones del demandante —relativas a haber reportado al patrono la condición defectuosa del abanico con anterioridad a la ocurrencia del accidente— no habían sido "corroboradas", exigencia que ciertamente es errónea. Sin embargo, a nuestro juicio ello no implica necesariamente que el juez de instancia no diera por ciertas dichas alegaciones. Su razón principal de decidir fue otra: el remedio exclusivo que provee la Ley de Compensaciones por Accidentes del Trabajo.

**De cualquier manera, e independientemente de lo anteriormente expresado, ese punto o señalamiento es uno para haber sido planteado al tribunal de instancia vía una moción de reconsideración, pero no en una solicitud de determinaciones de hechos ya que el mecanismo que provee la citada Regla 43.3 de Procedimiento Civil, repetimos, no está disponible para la parte demandante cuando la sentencia dictada es una emitida bajo las disposiciones de**

---

**consecuencia, sin que dicho foro judicial haga determinaciones de hecho alguna.**

**las Reglas 10.2 y 10.3 de las de Procedimiento Civil de**

**Puerto Rico**.

En consecuencia, erró el Tribunal de Circuito de Apelaciones al acoger el recurso de apelación radicado por el demandante en el caso de autos, pues el mismo fue presentado ante dicho tribunal fuera del término legalmente dispuesto para su perfeccionamiento ya que la moción sobre determinaciones adicionales de hechos <u>no</u> interrumpió el término para apelar.[7] El Tribunal de Circuito de Apelaciones carecía de jurisdicción sobre el caso de autos.

Por los fundamentos anteriormente expuestos procede expedir el auto y revocar la sentencia emitida por el Tribunal de Circuito de Apelaciones en el presente caso.

**Se dictará Sentencia de conformidad.**

------------------------------------------------

[7] **Según se dispone en la Regla 13 (A) del Reglamento del Tribunal de Circuito de Apelaciones de Puerto Rico:**

> **"Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia."**

**En el caso de autos la sentencia fue notificada el 22 de diciembre de 1998 y el 5 de enero de 1999 se radicó oportunamente moción de reconsideración que fue despachada con un terso "No Ha Lugar", por lo cual el término para apelar nunca fue interrumpido por esta moción. El demandante-recurrido tenía disponible hasta el 22 de enero de 1999 para radicar su apelación al Tribunal de Circuito de Apelaciones. No procedió de ese modo hasta el 15 de marzo de 1999 (casi dos meses después del plazo legalmente señalado). La moción de determinaciones de hechos adicionales, repetimos, era improcedente en el caso de**

**FRANCISCO REBOLLO LÓPEZ**
**Juez Asociado**

---

**autos por lo que su radicación no tuvo eficacia alguna que afectara este cómputo.**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Nelton R. Roldán Rosario y otros

   Demandantes-recurridos

      v.                          CC-1999-571  CERTIORARI

Lutrón, S.M. Inc.

   Demandada-peticionaria


**SENTENCIA**

**San Juan, Puerto Rico, a 21 de julio de 2000**


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de certiorari y se dicta Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones en el presente caso.

Así lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton, aun cuando está conforme con la norma establecida en el presente caso, aplicaría la misma de forma prospectiva, razón por la cual disiente del resultado al que se llega en el mismo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita. El Juez Asociado señor Rivera Pérez concurre en el resultado sin opinión escrita.


**Carmen E. Cruz Rivera**
**Subsecretaria del Tribunal Supremo**