TEXTO COMPLETO DE LA RESOLUCIÓN
Javier M. Uribe, Diana Anglada y la Sociedad de Bienes Gananciales compuesta por ambos solicitan la revisión de una resolución en la cual el Tribunal de Primera Instancia, Sala de San Juan, les declaró sin lugar una moción para desestimar una demanda en cobro de dinero incoada en su contra.
Los peticionarios plantean que el tribunal recurrido erró al denegar su moción de desestimación, a pesar de que de las alegaciones de la demanda y de los documentos que la acompañan surge la novación extintiva de su obligación original por sustitución de deudor, y el nuevo deudor no es parte en el pleito, por lo que falta paite indispensable. Antes de dilucidar este señalamiento, hacemos un resumen del trámite procesal en que se suscita la cuestión planteada.
I
El 25 de junio de 2004, Erika Muller de Abudei y los miembros de la sucesión de Jorge Abudei individualmente presentaron una demanda sobre cobro de dinero contra Javier Uribe, Diana Anglada y su sociedad de gananciales. En la demanda se alega que el 1 de julio de 1989, Uribe suscribió un pagaré a la orden de Abudei en el cual se obligó a pagar la suma de $43,103 dólares más intereses desde esa fecha hasta el pago total de la obligación; que los codemandantes son los herederos de Abudei y los actuales titulares del pagaré; *263 que los codemandados han incumplido su obligación de pagar el principal y los intereses; que el 12 de abril de 2002, Uribe suscribió un documento titulado “Irrevocable Assignment’ en el cual, en calidad de presidente de la San Juan Capital Corporation, le asignó a Abudei la suma de $70,000 dólares de la compensación que esa corporación recibiera de Diamond Lodging and Real Estate Development, Inc.; que se desconoce si Diamond Lodging and Real Estate Development, Inc. le ha hecho algún pago a San Juan Capital Corporation; que se solicita que se ordene a la parte demandada a satisfacer la suma de $103,500 dólares, que se compone de $43,103 dólares de principal y $60,397 dólares en intereses, además de gastos, costas y honorarios de abogado.
Junto con la demanda, se incluyó el pagaré y una declaración jurada suscritos por Uribe, y el documento “Irrevocable Assignment” firmado por Uribe tanto en su carácter de presidente de San Juan Capital Corporation, como en su carácter personal. El documento, en parte, lee como sigue:

“For Value Received, San Juan Capital Corporation (hereinafter “SJCC”) hereby irrevocably transfers, assigns and endorses in favor of Jorge Abudei (hereinafter “Abudei”) the first Seventy Thousand Dollars ($70,000) of compensation and/or fees which SJCC is entitled to receive from Diamond Lodging & Real Estate Development, Inc. (hereinafter “Diamond”) for services rendered or to be rendered by SJCC [...]

Diamond is hereby irrevocably instructed by SJCC to remit all the aforesaid fees and/or commissions payable to SJCC, up to the maximum sum of Seventy Thousand Dollars ($70,000), directly to Abudei [...]

The instructions contained herein are irrevocable, and may only be amended in writing with the written consent of Abudei, which consent Abudei has no legal or moral obligation to grant. ”

En su contestación a la demanda, la parte demandada negó las alegaciones en su contra. Como defensas afirmativas planteó, entre otras, que en la demanda se alega que Uribe firmó el documento titulado “Irrevocable Assignment” en su calidad de presidente de San Juan Capital Corporation, por lo que se trataría de una deuda reconocida por una corporación que no es parte del pleito, no siendo responsable de la deuda Uribe en su carácter personal. Junto a la contestación de la demanda, la parte demandada presentó una moción de desestimación en la que citó el siguiente párrafo del documento “Irrevocable Assignment”:

“This Irrevocable Assignment shall inure to the benefit of Abudei and his successors and/or assignees and irrevocably binds SJCC, and has been freely and voluntarily executed by SJCC as source of payment for the complete cancellation of any and all amounts due or which may be due by Javier Uribe (hereinafter Uribe) and/or his spouse, sole stockholders of SJCC to Abudei. ”

En su moción de desestimación, los demandados plantean que del texto antes citado se desprende que la firma de ese documento tuvo el efecto de extinguir su obligación original, habiendo el demandante-, de manera voluntaria, sustituido a Uribe e identificado como deudor a San Juan Capital Corporation, por lo que procede que se desestime la demanda en su contra.
La parte demandante presentó su oposición a la moción de desestimación planteando que no existió novación y que Abudei nunca relevó a Uribe de su obligación, y que el documento titulado “Irrevocable Assignment” es meramente una orden de pago a un tercero para que le pague al demandante, lo que no produce ningún cambio de deudor.
El 7 de febrero de 2005, el tribunal recurrido celebró una vista sobre el estado de los procedimientos en la cual las paites presentaron sus posiciones en cuanto a la solicitud de desestimación. El 28 de febrero de 2005, notificada el 29 de marzo de 2005, el tribunal recurrido emitió resolución en la cual declaró sin lugar la moción de desestimación. Inconfoime, la parte demandada presentó moción de reconsideración levantando, en esencia, planteamientos similares a los expuestos en la moción de desestimación. El 12 de abril de 2005, el tribunal *264 recurrido declaró sin lugar la solicitud de reconsideración, por lo que la paite demandada presentó el recurso de certiorari que nos ocupa.
II
La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, permite que un demandado le solicite al tribunal que desestime la demanda en su contra cuando se cumple alguno de los supuestos especificados en esa Regla. 
A los fines de disponer de una moción de desestimación, tienen que presumirse como ciertos todos los hechos bien alegados en la demanda. Unisys v. Ramallo Brothers, 128 DPR 842 (1991). Los hechos aseverados no se ponen en duda, porque se cuestiona la procedencia de la demanda por razones inüinsecas a sus alegaciones. Véase R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, Michie de Puerto Rico, San Juan, 1997, pág. 200; Roldán v. Lutrón, 151 DPR 883 (2000). En este sentido, al atender una moción de desestimación, el tribunal debe dar por ciertas y buenas todas las alegaciones hechas en la demanda e interpretarlas en la forma más favorable a la parte demandante. Candal Vicente v. CT Radiology Office, Inc., 122 DPR 227 (1982). De tal forma, el tribunal debe desestimar- la demanda sólo si, luego de examinada a base de tales criterios, queda plenamente convencido de que en su etapa final el demandante no habrá de prevalecer en su reclamo. Granados v. Rodríguez Estrada I, 124 DPR 1 (1989).
El promovente de la moción de desestimación tiene el peso de demostrar que, tomando como ciertos para fines de argumentación los hechos bien alegados en la demanda, el derecho no le asiste, bajo ningún supuesto, al demandante.
La Regla 10.2 establece, además, que si una moción en que se formulare la defensa número (5) se expusieren materias no contenidas en la alegación impugnada y éstas no fueren excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la, Regla 36 hasta su resolución final y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a dicha moción bajo dicha regla. En el caso de autos, la parte demandante presentó junto con su demanda el documento titulado “Irrevocable Assignment', y no está en controversia el documento, sino el significado de su contenido.
Por otra paite, en cuanto a la novación de las obligaciones, el Artículo 1157 del Código Civil de Puerto Rico, 31 L.P.R.A. §3241, establece que las obligaciones pueden modificarse: (1) Variando su objeto o sus condiciones principales; (2) Sustituyendo la persona del deudor: y (3) Subrogando a un tercero en los derechos del acreedor.
Existen dos tipos de novación: la que causa la extinción de la obligación, denominada extintiva, y la novación modificativa, la que no extingue la obligación anterior, que queda subsistente y sólo modifica esta última. Teachers Annuity v. Sociedad de Gananciales, 115 DPR 277 (1983); Miranda Soto v. Mena Eró, 106 DPR 473 (1980).
Dispone el Artículo 1159 del Código Civil, 31 L.P.R.A. §3243, que la novación por cambio de deudor consiste en sustituirse un nuevo deudor en lugar del primitivo, y puede hacerse sin conocimiento de éste, pero nunca sin el consentimiento del acreedor. El efecto jurídico de la novación por cambio en la persona del deudor es radical, extingue la deuda desligándose al deudor primitivo de toda obligación con el acreedor y creándose un nuevo vínculo obligacional con el deudor sustituto. Una consecuencia tan drástica como .ésta sólo puede producirse cuando el acreedor tiene una clara conciencia de ello. Para que se produzca la novación por cambio de deudor, el consentimiento del acreedor ha de constar de modo cierto y positivo y ha de prestarse con el deliberado propósito de exonerar de sus obligaciones al deudor primitivo para hacerlas recaer en toda su extensión sobre el nuevo deudor. La mera aceptación por el acreedor de pagos hechos por un alegado nuevo *265 deudor no es el modo cierto y positivo del cual pueda derivarse un propósito deliberado del acreedor de aceptar al nuevo deudor y que de lugar a la novación por cambio en la persona del deudor. Teachers Annuity v. Sociedad de Gananciales, 115 DPR 277 (1983).
En el caso de autos, tomando como ciertas las alegaciones de la demanda y los documentos que la acompañan, no es posible concluir que la parte demandante no tenga derecho a remedio alguno contra los codemandados. Del documento titulado "‘Irrevocable Assignment’ no surge que Abudei hubiese consentido a un cambio en la persona del deudor. Se trata de una declaración unilateral de Uribe en calidad de presidente de San Juan Capital Corporation para asignar fondos de esa corporación para el pago de su deuda personal con Abudei. Abudei no firmó este documento, ni en él se expresa en forma alguna la volunta de Abudei de liberar a Uribe de su obligación. Constituye más bien, una garantía adicional para el acreedor que no puede tener el efecto de extinguir la obligación inicial, por lo que el tribunal apelado no erró al declarar sin lugar la moción de desestimación.
Por los fundamentos antes expuestos, se deniega el auto solicitado.
Lo acuerda el Tribunal y lo certifica la Secretaria.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones