Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL VI

| COLEGIO MI CUIDO Y EDUCACIÓN, IRMA I. FONTÁNEZ, COOPERATIVA DE AHORRO Y CRÉDITO LAS PIEDRAS<br><br>Apelantes<br><br>v.<br><br>RAÚL ANTONIO ORTIZ DÁVILA y su esposa ELIZABETH GÓMEZ ACEVEDO y la Sociedad Legal de Gananciales compuesta por ambos; DESIDERATA REALTY LLC.<br><br>Apelados | KLAN202200916 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2022CV00094<br><br>Sobre: Acción Civil |

Panel integrado por su presidenta, la Jueza Birriel Cardona, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparecen ante nos Colegio Mi Cuido y Educación Inc. (Colegio Mi Cuido), Irma J. Fontánez (señora Fontánez) y la Cooperativa de Ahorro y Crédito Las Piedras (Cooperativa) (en conjunto, parte apelante) y solicitan que revisemos la *Sentencia Parcial* emitida y notificada el 19 de octubre de 2022 por el Tribunal de Primera Instancia, Sala de Humacao (TPI o foro primario). Mediante el referido dictamen, el foro primario desestimó la causa de acción instada por la Cooperativa.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia Parcial* apelada.

**I.**

El 31 de enero de 2022, el Colegio Mi Cuido y la señora Fontánez instaron una *Demanda*[1] sobre acción civil contra el señor Raúl Antonio Ortiz Dávila, la señora Elizabeth Gómez Acevedo y la Sociedad Legal de Gananciales compuesta por ambos (esposos Ortiz-Gómez) y Desiderata Realty, LLC (en conjunto, parte apelada). En la demanda, la Cooperativa fue incluida como parte con interés[2].

En esencia, alegaron que los esposos Ortiz-Gómez, insisten en poseer y retener ilegalmente la propiedad perteneciente a la parte apelante, la cual adquirieron de Desiderata Realty, LLC mediante la Escritura Número Nueve (9), otorgada el 15 de junio de 2020 ante el notario Víctor Martínez Cruz. Según surge de las alegaciones de la demanda, la propiedad consta inscrita al Folio 225 del Tomo 61 del Registro de la Propiedad del municipio de Las Piedras.

Asimismo, alegaron que una franja de la propiedad antes mencionada constituye el único acceso legal de la finca hacia la vía pública. Adujeron que los esposos Ortiz-Gómez han actuado como edificantes de mala fe, por lo cual solicitan la reivindicación de la propiedad, la cantidad de no menos de $150,000.00 como indemnización por los daños ocasionados por edificar y construir en terreno ajeno y que se ordene la demolición y remoción de toda obra o estructura realizada por estos, incluyendo los portones y verjas. También, solicitaron daños continuos que estiman en no menos de un millón de dólares.

Por otra parte, alegaron que Desiderata Realty, LLC incumplió con su obligación de entregar la finca objeto de esta controversia libre de todo gravamen, transferir su dominio garantizándole las

---

[1] Véase Apéndice 6 del Recurso de Apelación, págs. 39-54.
[2] Alegan que las actuaciones de la parte apelada afectan su garantía hipotecaria, por lo que su interés propietario se pudiera ver perjudicado por la sentencia que emita en su día el Honorable Tribunal. *Íd.,* pág. 42.

cualidades prometidas y libre de defectos que disminuyan o inutilice la aptitud para el uso ordinario o convenido.

El 29 de marzo de 2022, los esposos Ortiz-Gómez presentaron una *Moción en Solicitud Desestimación y Sentencia Parcial*[3], al amparo de la Regla 10.2 de Procedimiento Civil[4]. En su escrito, señalaron que en el epígrafe de la demanda la Cooperativa no surge como demandante, ni existe de dicha parte alegación alguna contra los demandados. Por último, los esposos Ortiz-Gómez argumentaron que las alegaciones de la demanda no sustentan una causa de acción y que la Cooperativa no tiene remedio alguno reclamado contra los comparecientes por lo que solicitaron se disponga según establece la Regla 10.2 de Procedimiento Civil[5].

Por su parte, el 18 de abril de 2022, la parte apelante presentó *Réplica a Moción de Desestimación de los codemandados Raúl Ortiz Dávila y Elizabeth Gómez Acevedo y Solicitud de Enmienda a la Demanda*[6]. En síntesis, sostuvo que no procede la desestimación de la demanda debido a que en la misma se exponen alegaciones con relación a la institución. **En esta misma fecha, la parte apelante presentó *Demanda Enmendada*[7] a los únicos efectos de incluir en el epígrafe a la Cooperativa como demandante**.

Posteriormente, el 22 de abril de 2022, la parte apelada presentó una *Moción en Cumplimiento de Orden y Reiterando Solicitud Desestimación y Sentencia Parcial*[8], en la que reiteró esencialmente los argumentos esbozados en su moción de desestimación. Sostuvo que, aun tomando como ciertos los hechos alegados en la demanda, procedía la desestimación al amparo de la Regla 10.2 Procedimiento Civil[9].

---

[3] Véase Apéndice 7 del Recurso de Apelación, págs. 55-66.
[4] 32 LPRA Ap. V, R. 10.2.
[5] *Íd.*
[6] Véase Apéndice 9 del Recurso de Apelación, págs. 83-93.
[7] Véase Apéndice 8 del Recurso de Apelación, págs. 67-82.
[8] Véase Apéndice 10 del Recurso de Apelación, págs. 94-99.
[9] *Íd.*

Luego de varios trámites procesales y evaluados los argumentos de las partes, el 19 de octubre de 2022, el foro primario dictó y notificó *Sentencia Parcial*[10], en la que declaró Ha Lugar la moción de desestimación presentada por la parte apelada debido a que la Cooperativa no expuso una reclamación que justifique la concesión de un remedio. En particular, el foro primario concluyó lo siguiente:

> Los remedios solicitados por la parte demandante sobre acción de reivindicación, daños e interdicto permanente no están relacionados ni establecen una relación obligacional entre la Cooperativa y la parte demandada. Por tal razón se declara con lugar la moción de desestimación y sentencia parcial al amparo de la Regla 10.2 (5) dado a que la Cooperativa de Ahorro y Crédito Las Piedras no ha expuesto una reclamación que justifique la concesión de un remedio[11].

Inconforme, el 17 de noviembre de 2022, la parte apelante acudió ante nos mediante recurso de Apelación y señaló los siguientes errores:

> PRIMER ERROR: ERRÓ EL TPI AL DESESTIMAR LA DEMANDA DE LA APELANTE COOPERATIVA DE AHORRO Y CRÉDITO LAS PIEDRAS CONSTITUYENDO ESTA PARTE INDISPENSABLE VIÉNDOSE IMPEDIDO DE OTORGAR UN REMEDIO COMPLETO A LAS PARTES Y PROVOCANDO LA NULIDAD DE SENTENCIA.
>
> SEGUNDO ERROR: ERRÓ EL TPI AL DESESTIMAR LA DEMANDA DE LA APELANTE COOPERATIVA DE AHORRO Y CRÉDITO LAS PIEDRAS A BASE DE LA ADJUDICACIÓN EN UN PROCEDIMIENTO JUDICIAL EN EL CUAL NUNCA FUE PARTE. PRIVÁNDOLA DE SU DEBIDO PROCESO DE LEY DE CONFRONTARSE CON LA PRUEBA Y BRINDAR PRUEBA A SU FAVOR.

Por su parte, el 27 de diciembre de 2022, la parte apelante presentó su *Alegato*. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nuestra consideración.

## II.

### -A-

La Regla 10.2 de Procedimiento Civil[12], permite que la parte demandada solicite la desestimación de una demanda en su contra por:

---

[10] Véase Apéndice 1 del Recurso de Apelación, págs. 1-5.
[11] 32 LPRA Ap. V, R. 10.2
[12] *Íd.*

(1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio [y,] (6) [por] dejar de acumular una parte indispensable.

Al evaluar una moción de desestimación bajo el inciso 5 de esta regla, el Tribunal debe tomar "como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas"[13]. En este ejercicio, las alegaciones hechas en la demanda hay que interpretarlas conjuntamente, liberalmente y de la manera más favorable para la parte demandante[14].

Así, nuestro Tribunal Supremo ha puntualizado, que en estos casos que se pide la desestimación de una demanda:

[E]l que formula la moción hace el siguiente planteamiento: '[y]o acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero, aun así, no aduce una reclamación que justifique la concesión de un remedio'. Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido[15].

Es por esto por lo que un Tribunal únicamente procederá a desestimar la demanda si la parte demandada demuestra que el demandante no tiene derecho a la concesión de remedio alguno, irrespectivamente de los hechos que pueda probar en apoyo a su reclamación[16].

Respecto a las alegaciones, las Reglas de Procedimiento Civil disponen que "[u]na alegación que exponga una solicitud de remedio contendrá: (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derechos"[17].

---

[13] *Colón v. Lotería de Puerto Rico*, 167 DPR 625, 649 (2006); *Roldán Rosario v. Lutrón, S.M., Inc.*, 151 DPR 883, 890 (2000).

[14] *Sánchez v. Autoridad de los Puertos*, 153 DPR 559, 570 (2001).

[15] *Roldán Rosario v. Lutrón, S.M., Inc., supra*, págs. 890, citando a R. Hernández Colón, Manual de Derecho Procesal Civil, Hato Rey, Ed. Equity, 1969, pág. 212.

[16] *Autoridad de Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 429 (2008); *Dorante v. Wrangler de P.R.,* 145 DPR 408, 414 (1998).

[17] 32 LPRA Ap. V, R. 6.1.

**III.**

Tras evaluar cuidadosamente las alegaciones de la demanda, concluimos que el foro primario actuó correctamente al desestimar la demanda al amparo de la Regla 10.2 (5) de Procedimiento Civil. Veamos.

Las alegaciones esbozadas en la *Demanda*[18] referente a la Cooperativa son las siguientes:

> *19. Sobre la propiedad del demandante y objeto de reivindicación está constituida una hipoteca en garantía de pagare a favor de la parte con interés Cooperativa de Ahorro y Crédito Las Piedras o a su orden, con un principal de $260,100.00 presentada al Asiento 2020-36023-HU01 del 18 de junio de 2020.*
>
> *20. La Cooperativa de Ahorro y Crédito Las Piedras, es parte con interés en este proceso, pues las actuaciones que más adelante se detallan afectan su garantía hipotecaria, por lo que su interés propietario se pudiera ver perjudicado por la sentencia que emita en su día el Honrable Tribunal.*
>
> *21. Esta hipoteca fue constituida por la parte demandante como parte del financiamiento para la adquisición de la propiedad mediante el negocio de compraventa según descrito en las alegaciones de la presente demanda.*

Por otro lado, el reclamo central de la parte apelante es reivindicar la porción de terreno que posee la parte apelada. Por tanto, determinamos que la presencia de la Cooperativa no es indispensable y se puede adjudicar la controversia que presenta este caso, sin la presencia de dicha entidad.

Es norma reiterada la importancia de determinar "si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente"[19]. Aun si tomáramos como ciertas las alegaciones y conclusiones que expuso la parte apelante en su escrito, estas no demostraron que la Cooperativa tenga un interés común en este pleito de tal envergadura que impida a la sala sentenciadora emitir un decreto sin afectarla. La acción reivindicatoria objeto de este litigio, solo produce efecto entre las partes que poseen el terreno y quien lo reclama.

---

[18] Véase Apéndice 6 del Recurso de Apelación, págs. 39-54.
[19] *Romero v. S.L.G. Reyes,* 164 DPR 721, 733 (2005).

A tenor con lo anterior y tomando como ciertos los hechos alegados en la demanda, no existe un remedio disponible para la Cooperativa. En virtud de ello, concluimos que el foro primario actuó correctamente al desestimar la demanda debido a que tanto en la demanda original como en la demanda enmendada convergen la ausencia de una causa de acción a favor de la Cooperativa, o remedio a conceder. En consecuencia, resulta inmeritorio discutir el segundo error, debido a que el foro primario basa su análisis jurídico conforme con la Regla 10.2 (5) de las de Procedimiento Civil[20] y no tomo en consideración o su Sentencia lo alegado por el apelante.

**IV.**

Por los fundamentos previamente expuestos, **confirmamos** la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] 32 LPRA Ap. V, R. 10.2.