Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ELIEZER SANTANA BÁEZ | | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| Apelante | | |
| V | TA2026AP00037 | |
| | | Caso núm.: BY2025CV04228 (507) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS | | |
| | | Sobre: Daños y Perjuicios |
| Apelados | | |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 19 de febrero de 2026.

Comparece ante este tribunal apelativo, el Sr. Eliezer Santana Báez (señor Santana Báez o apelante), por derecho propio e *in forma pauperis*,[1] mediante el recurso de *apelación* de epígrafe solicitándonos que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 10 de diciembre de 2025, notificada el mismo día. Mediante este dictamen, el foro primario desestimó, con perjuicio, la demanda incoada por el apelante.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

### I.

El 22 de julio de 2025, el señor Santana Báez presentó, en forma *pauperis*, una demanda contra el Estado Libre Asociado de Puerto Rico; la Hon. Janet Parra Mercado; la Policía de Puerto Rico; el Hon. Joseph Fonseca; el Departamento de Corrección y

---

[1] El apelante acompañó el recurso con la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia,* la cual declaramos *Ha Lugar.*

Rehabilitación (DCR); y el Hon. Francisco Quiñones Rivera (en conjunto, los apelados).[2] En esencia, argumentó que el 22 de mayo de 2025, mientras se encontraba atendiendo otros asuntos ante un Panel hermano, en el caso KLRA2025-00165, advino en conocimiento de que se había radicado una querella en su contra, por una presunta amenaza a un oficial correccional, de la cual nunca fue notificado. Por la alegada falta de notificación, el apelante expuso que no tuvo oportunidad de defenderse, y arguyó que la querella no se podía presentar, sin citar ni contar con la versión de la otra parte, y sin que se le provea la oportunidad de defenderse. Asimismo, señaló que tampoco conoce sobre la investigación y la conclusión de la querella.

Por otra parte, sostuvo que, al haberse unido la referida querella a su expediente, provocó que se le impidiera gozar de privilegios. Además, el señor Santana Báez arguyó que las actuaciones de la agencia fueron en contra de los reglamentos del DCR debido a que el oficial correccional, en contra de quien fueron las alegadas amenazas, no fue removido de la institución y solo se le proveyó un chaleco antibalas.

A raíz de lo expuesto, el señor Santana Báez alegó que agotó todos los remedios administrativos y que la situación ha provocado que él tuviese que solicitar ver a un psiquiatra. Asimismo, indicó que se le diagnosticó ansiedad y depresión, por lo cual se encuentra recibiendo medicamentos.

Así las cosas, el apelante insistió que la alegada querella forma parte de su expediente, y que ello le ha causado daños. Por lo que, solicitó una indemnización global de $150,000. A su vez, requirió que la querella sea removida de su expediente socio penal y se eliminen los efectos colaterales que la misma le ocasionó.

---

[2] Véase, el Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI, Entrada núm. 1).

En respuesta a la referida demanda, el 3 de noviembre del 2025, los apelados presentaron una *Moción de Desestimación*.[3] Mediante el referido escrito argumentaron que el informe disciplinario, relacionado a un alegado incidente entre el apelante y el oficial Michael Rivera Colón, ocurrido durante septiembre de 2025, no existe, por lo que arguyen no hay reclamación que justifique se le conceda un remedio al apelante. Asimismo, sostienen que no existe jurisdicción sobre la materia, pues, referente a las alegaciones plasmadas en la demanda, no se presentó reclamación o se solicitó remedio alguno ante el DCR. Por consiguiente, aún no se han agotado los remedios ante la agencia. Por tanto, solicitaron se desestimara la demanda. En el escrito incluyeron los siguientes documentos intitulados: *Certificación Negativa de Remedios Administrativos, Certificación de la Oficina de Investigaciones del Sistema Correccional* y *Certificación MPC Eliezer Santana Báez.*

El 1 de diciembre de 2025, el apelante se opuso mediante una *Réplica a Solicitud de Desestimación.*[4] En lo aquí pertinente, este reiteró que se presentó en su contra una querella ante la Policía de Puerto Rico por una alegada amenaza y que presumía que la misma fue radicada por el oficial Michael Rivera. Por lo cual, a base de ello y por estar la misma en su expediente social, presentó la demanda. Además, sostuvo que no era necesario agotar los remedios administrativos, pues su reclamo es uno al amparo del Artículo 1536 del Código Civil de Puerto Rico 2020, 31 LPRA sec. 10801. Sin embargo, en alternativa arguyó que tan pronto advino en conocimiento de la querella en su contra, instó el remedio administrativo Q-288-25[5]. Por lo que, advirtió que agotó los remedios administrativos.

---

[3] SUMAC TPI, Entrada núm. 14.
[4] SUMAC TPI, Entrada núm. 20.
[5] SUMAC TPI, Entrada núm. 20, a la pág. 6.

Evaluados los escritos presentados por las partes, el 10 de diciembre de 2025, el TPI emitió y notificó la *Sentencia* apelada desestimando la demanda incoada por el señor Santana Báez. El foro *a quo* dictaminó que:

> [p]or no haber agotado los remedios administrativas y no haberse probado la existencia de informe disciplinario relacionado con el alegado incidente ocurrido en el mes de septiembre de 2024 entre el demandante y el oficial correccional Michael Rivera Colon, el Tribunal desestima, con perjuicio, el presente caso en virtud de la Regla 10.2 de Procedimiento Civil.

Inconforme con el dictamen, el apelante acude ante esta *Curia* imputándole al foro de primera instancia haber incurrido en el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA DE BAYAMÓN AL DESESTIMAR LA CAUSA DE ACCIÓN CIVIL DE EPÍGRAFE, TODA VEZ QUE LA JURISDICCIÓN DE ESTA DEMANDA LA TIENE EL FORO PRIMARIO POR EL HECHO DE QUE EL DCR NO CONCEDE INDEMNIZACIÓN EN DAÑOS Y PERJUICIOS AL AMPARO DEL CÓDIGO CIVIL, EL FORO AL QUE LE CORRESPONDÍA ESO ERA AL DE INSTANCIA Y NO LO ENTENDIÓ ASÍ, POR ELLO, ERRÓ.

El 13 de enero de 2026, dictamos una *Resolución* concediéndole a la parte apelada hasta el 12 de febrero de 2026 para expresarse. Ese mismo día, la parte apelada presentó un *Alegato* en oposición. Así, nos damos por cumplidos y, a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

### Regla 10.2 de las de Procedimiento Civil

Una persona contra quien se haya presentado una reclamación judicial puede solicitar su desestimación cuando, de la faz de las alegaciones de la demanda, surja que alguna defensa afirmativa puede derrotar la pretensión del demandante. *Conde Cruz v. Resto Rodríguez et al*, 205 DPR 1043, 1077-1078 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).

A tales efectos, la Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
>
> (1) Falta de jurisdicción sobre la materia;
>
> (2) Falta de jurisdicción sobre la persona;
>
> (3) Insuficiencia del emplazamiento;
>
> (4) Insuficiencia del diligenciamiento del emplazamiento;
>
> (5) Dejar de exponer una reclamación que justifique la concesión de un remedio;
>
> (6) Dejar de acumular una parte indispensable;
>
> [...] Si en una moción en que se formula la defensa (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.

La citada regla establece los fundamentos para que una parte en un pleito pueda solicitar la desestimación de una demanda en su contra, mediante la presentación de una moción fundamentada en cualesquiera de los motivos en ella expuestos. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 820-821 (2013); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 935 (2011). En lo pertinente, la Regla 10.2(5) de las de Procedimiento Civil, *supra*, dispone que el demandado puede fundamentar su solicitud en que la demanda no expone "una reclamación que justifique la concesión de un remedio". En tales casos, la desestimación solicitada se dirige a los méritos de la controversia y no a los aspectos procesales. *Montañez v. Hosp. Metropolitano*, 157 DPR 96, 104 (2002).

Ahora bien, para que proceda esta moción "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se

pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor." *BPPR v. Cable Media*, 2025 TSPR 1, 215 DPR ___ (2025); *Rivera San Feliz et al. v. Jta. Dir. First Bank,* 193 DPR 38, 49 (2015); *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013).

Asimismo, ante una moción de desestimación, bajo la antedicha norma, la demanda y sus alegaciones han de ser consideradas por el tribunal lo más liberalmente posible a favor de la parte demandante. El tribunal que evalúa la moción de desestimación debe concederle a la parte demandante el beneficio de toda inferencia posible que pueda surgir de la demanda.

Por su parte, nos explica el tratadista Cuevas Segarra que:

> Esta regla permite al demandado solicitar que se desestime la demanda en su contra, cuando entre otras razones ésta "no expone una reclamación que justifique la concesión de un remedio". A los fines de disponer de una moción de desestimación, el Tribunal está obligado a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. **El promovente tiene que demostrar que presumiendo que lo allí expuesto es cierto, la demanda no expone una reclamación que justifique la concesión de un remedio**. Esta doctrina se aplica solamente a hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación No se determinará si el demandante prevalecerá finalmente en el pleito, sino si el demandante tiene o no derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos bien alegados en la demanda.
>
> […]
>
> La controversia no es si el demandante va a finalmente prevalecer, sino, si tiene derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos bien alegados en la demanda.

José Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Publicaciones JTS, 2000, Tomo I, pág. 271 citando a *Davis y Monroe County Board of Ed.*, 143 LE 2d 839 (1999). (Énfasis nuestro)

Por ello, al evaluar una moción, al amparo de la Regla 10.2 de las de Procedimiento Civil, *supra,* cuando el promovente alega falta de parte indispensable, falta de jurisdicción o dejar de exponer una

reclamación que justifique un remedio, ni el tribunal ni la parte demandada ponen en duda, para efectos de esa moción, los hechos alegados en la demanda porque se ataca por un vicio intrínseco de esta o del proceso seguido. *Roldán v. Lutrón, S.M., Inc.*, 151 DPR 883, 890 (2000).

En fin, la desestimación de la reclamación judicial procede cuando surja de los hechos bien alegados en la demanda que la parte demandante no tiene derecho a remedio alguno. *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010). Para alcanzar dicha conclusión, es necesario que el tribunal considere ciertas todas las alegaciones fácticas que hayan sido aseveradas de manera clara en la demanda. *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón v. Lotería*, 167 DPR 625, 649 (2006).

### III.

El apelante planteó que el TPI erró al desestimar la demanda a base de la falta de jurisdicción, por este no haber previamente agotado los remedios administrativos. Indicó el señor Santana Báez, que el tribunal era el foro con autoridad para atender sus reclamos, pues solicita indemnización por daños, para lo cual el DCR no tiene jurisdicción. Por ello, argumentó que no procede la desestimación de su causa de acción.

Resulta meritorio puntualizar que, conforme surge de la demanda incoada por el apelante, este solicitó, como remedio por los alegados daños sufridos, lo siguiente:

> [...]

> 31. Por lo que, estos daños, se cuantifican y se solicita se les ordene a los demandados mancomunadamente resarcir al demandante por la suma de $75,000 dólares por parte del ELA de PR, y $75,000 dólares por parte de la Policía de PR, para un total global de $150,000 dólares que es lo que por éste medio se reclama.

> 32. De igual modo, se solicita se ordene remover de mi expediente socio penal la referida querella de amenaza la cual no cuenta con ningún aval o apoyo legal alguno y se eliminen los efectos colaterales surgidos por la misma.

Igualmente, resulta pertinente señalar que la **controversia medular por la cual se solicita indemnización descansa en la alegada existencia, dentro del expediente social penal del apelante, de una presunta querella relacionada a una supuesta amenaza de muerte a un oficial correccional**. Según mencionamos anteriormente, el apelante alega que advino en conocimiento de la alegada querella en el caso KLRA202500165, mientras se dilucidaban otros reclamos ante un Panel hermano de este tribunal.

Cabe destacar que, en la determinación que emitió el Panel hermano en dicho caso se precisó que **el apelante no cualificaba para los beneficios solicitados, pues se encuentra cumpliendo una sentencia por el delito de asesinato en primer grado**. En específico, concluyó el Panel que la aludida **sentencia constituye una exclusión** para participar de programas de desvío. En este sentido, el Panel no evaluó planteamientos relativos a la alegada querella.

Por su parte, los apelados arguyen que la causa de acción del apelante es improcedente al no haberse agotado los remedios administrativos. Sostienen además que, según el reclamo y alegaciones del señor Santana Báez, este no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiese probar en apoyo a su reclamación.

Resulta pertinente, como cuestión inicial, resolver el asunto del agotamiento de remedios administrativos. Nuestro más alto foro expresó en *Muñoz Barrientos v. ELA et al.*, 212 DPR 714 (2023) que al DCR no se le facultó ni expresa ni implícitamente, para conceder una indemnización por los daños y perjuicios sufridos por los miembros de la población correccional. Por lo que, el TPI es el foro adecuado para atender los reclamos relacionados a daños y perjuicios instados por los miembros de la población correccional.

Así pues, al evaluar el expediente del caso de autos, resulta claro que nos encontramos ante un reclamo por daños y perjuicios en el que se solicita, entre otras, una indemnización económica por daños. Un remedio para el cual el DCR no tiene facultad para otorgar, conforme a lo resuelto en el caso de *Muñoz Barrientos v. ELA et al.*, *supra.*

Aclarado este asunto, apuntalamos que este no es el único elemento que debe ser evaluado al determinar si procede la causa de acción solicitada por el apelante. Ello, debido a que los apelados también solicitaron la desestimación de la causa de acción por entender que el reclamo del señor Santana Báez no justifica la concesión de un remedio.

Conforme surge del derecho antes citado, para que proceda el petitorio desestimatorio bajo el estándar de revisión de la Regla 10.2 (5) de las Reglas de Procedimiento Civil, *supra,* los apelados tenían que demostrar de forma certera que el señor Santana Báez no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. Por lo cual, el foro apelado debía considerar si, a la luz de la situación más favorable al apelante, y resuelta toda duda a su favor, la demanda no es suficiente para constituir una reclamación válida. Puntualizamos que en este ejercicio el tribunal debe conceder el beneficio al demandante de cuanta inferencia sea posible hacer de los hechos bien alegados en la demanda.

Ciertamente, de un análisis de las alegaciones de la demanda surge que, sin duda alguna, estas son insuficientes para constituir una reclamación válida en contra de los apelados. De la demanda se desprende que al apelante no se le ha entregado la supuesta querella por lo que desconoce las conclusiones de esta. Tampoco se puede entender que, a raíz de la querella, se han activado procedimientos

internos que le afecten su plan institucional. Más bien, el apelante solo expone que la alegada querella la utilizan como fundamento para impedir que disfrute de ciertos privilegios internos. No obstante, el señor Santana Báez obvia que conforme decretó esta *Curia*, en el caso KLRA202500165, este no disfruta de privilegios internos por **cumplir una sentencia por el delito de asesinato en primer grado.**

Asimismo, de un examen minucioso de los documentos que acompañan el recurso ante nuestra consideración, surge que el apelante presentó el remedio administrativo Q-288-25 ante la agencia. Mediante dicho recurso, solicitó información concerniente a la querella núm. 2024-7-111-12210, la cual sostiene formaba parte de su expediente. Sin embargo, en la respuesta en reconsideración, el DCR le especificó que se verificó su expediente criminal y social, y no se encontró evidencia de tal querella esté unida a su expediente.

A su vez, apuntalamos que el apelante acudió en revisión ante este foro intermedio impugnando la referida determinación. En la Sentencia del caso TA2025RA00262 emitida el 17 de noviembre de 2025, un Panel hermano razonó que la respuesta de la agencia respecto a la inexistencia de la querella núm. 2024-7-111-12210 en sus archivos administrativos fue una adecuada.[6]

Por tanto, el señor Santana Báez posee información de que **la supuesta querella en su contra no consta en su expediente**. Así pues, la alegada causa de los daños no procede, ya que el apelante sostiene que sus daños se fundamentan en que la supuesta querella, alegadamente fue unida a su expediente, y se le han negado privilegios por razón de esta. Por ello, no nos encontramos

---

[6] Advertimos que en este caso el señor Santana Báez presentó un recurso de *certiorari* ante el Tribunal Supremo (CC-2025-0943), el cual está pendiente de resolución.

ante una reclamación válida que justifique la concesión de un remedio.

Cónsono con lo anterior, se hace imperativo destacar que los apelados presentaron ante el TPI los siguientes documentos:[7]

1. *Certificación de la Oficina de Investigaciones del Sistema Correccional*[8]

2. *Certificación MPD Eliezer Santana Báez*[9]

Mediante estos anejos se sustentan los planteamientos de los apelados, relativos a que en el expediente del señor Santana Báez, no ha sido unida la querella núm. 2024-7-111-12210, ni que hay investigación activa respecto a una supuesta amenaza de muerte al oficial correccional Michael Rivera Colón. Más aún, el apelante ha fallado en refutar el contenido de los mismos.

En este sentido, reafirmamos que las alegaciones del señor Santana Báez resultan insuficientes para constituir una reclamación válida en contra de los apelados. Por lo que, el proceder del TPI resulta ser correcto en derecho.

En consecuencia, el TPI no incurrió en el error imputado.

**IV.**

Por los fundamentos antes expresados, se confirma la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[7] Es necesario destacar que el apelante también presentó dichos documentos como parte de los anejos de en su escrito ante esta *Curia.*

[8] SUMAC TPI, Entrada núm. 14, Anejo 2. Se indica en la certificación que, a nombre de Eliezer Santana Báez, "no se ha recibido ninguna investigación de alguna amenaza con el Oficial Correccional Michael Rivera Colón, para el mes de septiembre de 2024".

[9] SUMAC TPI, Entrada núm. 14, Anejo 3. Según consta en esta certificación en relación con Eliezer Santana Báez y una alegada amenaza de muerte al Oficial Correccional Michael Rivera Colón por un incidente que supuestamente ocurrió en septiembre 2024, no se radicó ningún informe disciplinario en el expediente del apelante.