ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MACK LIFT GENERAL CONTRACTORS, INC.<br><br>Apelada<br><br>v.<br><br>LE PARIS ESTETHIC, INC, Y OTROS<br><br>Apelantes | **KLCE202500128** | *CERTIORARI*, se acoge como APELACIÓN procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV08797<br><br>Sobre: Cobro de dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico a 28 de marzo de 2025.

Comparecen ante este foro Le Paris Esthetic, Inc. (Le Paris), el Sr. Raymond Rodríguez y la Sra. Magaly Uribe Campos (parte apelante) y nos solicitan que revisemos una *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 9 de diciembre de 2024. Mediante el aludido dictamen, el foro primario declaró *Ha Lugar* la *Moción de Sentencia Sumaria Parcial* presentada por el Sr. José Rivera Ortiz (señor Rivera o apelado). En consecuencia, desestimó la *Demanda Contra Tercero* presentada en su contra.

**Como el recurso solicita la revisión de una *Sentencia Parcial* y el foro primario ordenó su registro y notificación conforme a la Regla 42.3 de las Reglas de Procedimiento Civil, lo acogemos como una apelación, aunque conservará su clasificación alfanumérica.**

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** la *Sentencia Parcial* apelada.

## I.

El 18 de septiembre de 2023, Mack Lift General Contractors, Inc., (Mack Lift o parte apelada) presentó una *Demanda* sobre cobro de dinero e incumplimiento de contrato en contra de la parte apelante y otros.[1] Alegó que, fue contratado por la parte apelante a los fines de realizar trabajos de construcción y remodelación en el local *Le Paris* y que habían incumplido con el pago por dichos trabajos. No obstante, esbozó que la parte apelante le adeudaba la suma de $63,800.00 por dichos trabajos. Asimismo, manifestó que acordó con la parte apelante la construcción de una piscina por una suma de $45,000.00, pero que estos le adeudaban un balance de $99,300.00 por los trabajos realizados en la estética.

De igual forma, argumentó que construyó una piscina en la propiedad de la parte apelante. Enfatizó que, el contrato original de la construcción de la piscina fue por la suma de $115,000.00 y que, posteriormente, dicha suma aumentó a $191,500.00. Particularmente, expuso que recibió la suma de $176,500.00, por lo que quedaba pendiente un balance de $15,000.00, el cual no había sido satisfecho. Por tanto, indicó que se le adeudaba la suma de $114,300.00, relacionados a trabajos completados y no pagados. Finalmente, señaló que para el 16 de marzo de 2023 y el 14 de septiembre de 2023, requirió el pago de lo adeudado mediante cartas de cobro, pero se negaron a realizar dichos pagos. Por todo lo anterior, solicitó que se dictara sentencia condenando a la parte apelante a pagar la suma de lo adeudado, más

---

[1] *Demanda*, Anejo IV, págs. 24-29 del apéndice del recurso.

intereses por concepto de mora, intereses legales y una partida por gastos y honorarios de abogado.

Por su parte, el 11 de octubre de 2023, la parte apelante presentó su *Contestación a la Demanda, Reconvención y Demanda Contra Tercero* en la cual negó la mayoría de las alegaciones e incluyó sus defensas afirmativas.[2] Respecto a la *Reconvención y Demanda Contra Tercero* incluyó como demandado al señor Rivera. Ello por ser propietario y/o representante de Mack Lift. A su vez, alegó que, nunca firmó un contrato escrito con Mack Lift o el señor Rivera. Sin embargo, señaló que el señor Rivera le comunicó que se haría cargo de dicha obra. Sostuvo que, las obras de construcción no fueron terminadas, por lo que, tuvieron que recurrir a contratar los servicios de otra compañía. En virtud de lo anterior, solicitó daños y perjuicios, angustias mentales, la desestimación de la *Demanda*, que fuera concedida la *Reconvención y Demanda Contra Terceros*, al ser estos deudores solidarios, condenándolos al pago de gastos, costas y honorarios de abogado incurridos.

Así las cosas, el 16 de abril de 2024, la parte apelante presentó una *Moción en Solicitud de Anotación de Rebeldía*.[3] En dicha moción, indicó que el mismo día que presentó su *Contestación a la Demanda, Reconvención y Demanda Contra Tercero*, presentó el proyecto de emplazamiento del señor Rivera. Esbozó que, el 23 de octubre de 2023, el foro primario expidió el emplazamiento. Sin embargo, señaló que las gestiones para emplazar al señor Rivera resultaron infructuosas,

---

[2] *Contestación a la Demanda, Reconvención y Demanda Contra Tercero*, Anejo V, págs. 30-36 del apéndice del recurso.
[3] *Moción en Solicitud de Anotación de Rebeldía*, Anejo VI, págs. 37-49 del apéndice del recurso.

por lo que, solicitaron el emplazamiento por edicto, siendo autorizado el 22 de febrero de 2024. Añadió que, el 29 de febrero de 2024, fue publicado el edicto, y el 7 de marzo de 2024, le enviaron por correo copia del edicto y *Demanda Contra Tercero* al señor Rivera. No obstante, planteó que, al no contestar dentro del término provisto, procedía la anotación de rebeldía y dictar la sentencia.

Por su parte, el 19 de abril de 2024, el señor Rivera compareció -sin someterse a la jurisdicción-, mediante una *Moción de Sentencia Sumaria Parcial en cuanto a Terceros Demandados en Carácter Personal*.[4] En síntesis, solicitó la desestimación sumaria de la *Demanda Contra Tercero*, puesto que, la presunta transacción jurídica fue entre la parte apelante y Mack Lift, por lo que, no existía una causa de acción en su contra. Resaltó que, sus gestiones en los negocios jurídicos de Mack Lift fueron en su capacidad de director y oficial de la compañía. Adicionalmente, argumentó que nunca garantizó en su carácter personal ninguna obligación de Mack Lift. Así pues, razonó que la personalidad jurídica y el patrimonio de Mack Lift era distinto al de sus accionistas. Cónsono con lo anterior, adujo que bajo la Ley de Corporaciones no respondía en su carácter personal por las alegaciones de cobro e incumplimiento de contrato, en contra de Mack Lift, toda vez que la parte apelante no presentó prueba que justificara descorrer el velo corporativo.

El 8 de mayo de 2024, el foro primario notificó una *Orden*, mediante la cual declaró *No Ha Lugar* la

---

[4] *Moción de Sentencia Sumaria Parcial en cuanto a Terceros Demandados en Carácter Personal*, Anejo VII, págs. 50-61 del apéndice del recurso.

solicitud de anotación de rebeldía que presentó la parte apelante.[5]

Inconforme, el 9 de mayo de 2024, la parte apelante presentó su *Moción de Reconsideración y Solicitud de Paralización*.[6]  En síntesis, manifestó que fueron diligentes en la tramitación del emplazamiento, y el señor Rivera no compareció a tiempo, ni solicitó prórroga.  En consecuencia, indicó que procedía anotar la rebeldía y dictar sentencia.

Evaluada la moción, el 10 de mayo de 2024, el foro primario notificó una *Resolución*, denegando la solicitud de reconsideración.[7]  A su vez, impuso una sanción económica de $50.00 al señor Rivera por la comparecencia tardía.[8]

Luego de varias incidencias procesales, el 9 de diciembre de 2024, el foro primario notificó una *Sentencia Parcial*, mediante la cual declaró *Ha Lugar* la *Moción de Sentencia Sumaria* presentada por el señor Rivera.[9]  En consecuencia, desestimó la *Demanda Contra Tercero* presentada en su contra.  En primer lugar, realizó las siguientes determinaciones de hechos:

1. El Sr. Ortiz Rivera es director y accionista en Mack Lift.

2. El Sr. Ortiz Rivera no tiene ninguna relación contractual en carácter personal con Le Paris; Raymond Rodríguez Santos, ni Magaly Uribe Campos.

3. Todas las gestiones del Sr. Ortiz Rivera, si alguna, en cuanto a cualquier negocio jurídico que haya hecho Mack Lift con la

---

[5] *Orden*, Anejo IX, págs. 9 del apéndice del recurso.
[6] *Moción de Reconsideración y Solicitud de Paralización*, Anejo X, págs. 66-69 del apéndice del recurso.
[7] *Resolución*, Anejo XI, págs. 70-71 del apéndice del recurso.
[8] Aún inconforme, el 10 de junio de 2024, la parte peticionaria acudió ante nos mediante un recurso de *Certiorari* al cual se le asignó el alfanumérico KLCE202400645. Mediante este, impugnó la *Orden* del 8 de mayo de 2024. No obstante, el 23 de julio de 2024, el foro primario emitió una Resolución en la cual denegó dicho recurso.
[9] *Sentencia Parcial*, Anejo I, págs. 1-15 del apéndice del recurso.

parte demandada, fue en capacidad de director y oficial de la corporación.

4. El Sr. Ortiz Rivera nunca ha garantizado en su carácter personal a los demandados Le Paris; Raymond Rodríguez Santos, Magaly Uribe Campos, ninguna obligación de Mack Lift.

5. Aún si la parte demandante Mack Lift tuviera alguna deuda u obligación, contractual o extracontractual hacia la parte demandada Le Paris; Raymond Rodríguez Santos, Magaly Uribe Campos, el compareciente no sería responsable en carácter personal por la deuda corporativa.

En vista de las determinaciones antes formuladas, el foro primario concluyó que, para descorrer el velo corporativo de un oficial, director o accionista de una corporación, era imprescindible que la parte que lo solicitaba demostrara con prueba concreta que la personalidad de la corporación y del accionista no se mantuvieron adecuadamente separadas. Asimismo, determinó que las alegaciones de la *Demanda* tenían que identificar aquellos actos y conductas específicas que justificaran descorrer el velo corporativo para así poner al tribunal en posición de imponer responsabilidad personal al oficial. Destacó que la parte apelante incumplió con identificar actos y conductas que justificaran descorrer el velo corporativo.

A su vez, resolvió que la mera alegación por parte de Le Paris de que el señor Rivera acordó realizar unas obras y reparaciones, no era una conducta suficiente para rebatir la presunción de que actuaba en representación de Mack Lift y no personalmente. En vista de la falta de prueba para justificar descorrer el velo corporativo que protegía al señor Rivera, el foro primario razonó que procedía desestimar la causa de acción en su contra.

Inconforme, el 23 de diciembre de 2024, la parte apelante presentó su *Moción de Reconsideración a la Sentencia Parcial.*[10] En esencia, planteó que ninguna de las alegaciones de la *Demanda Contra Tercero* se solicitó descorrer el velo corporativo. Sostuvo que, como parte de sus alegaciones, expuso que el señor Rivera se comprometió en su carácter personal a culminar la obra y no lo hizo. Por tanto, esgrimió que el señor Rivera se obligó personalmente, por lo que aplicaba la doctrina de actos propios. Por todo lo anterior, razonó que procedía dejar sin efecto la *Sentencia Parcial.*

Por su parte, el 13 de enero de 2025, el señor Rivera presentó su *Oposición a Moción de Reconsideración* en la cual reiteró sus planteamientos de la *Moción de Sentencia Sumaria Parcial en cuanto a Terceros Demandados en Carácter Personal.*[11] De igual forma, planteó que no existía prueba *prima facie* de que la parte apelante pretendía descorrer el velo corporativo. Señaló, que la parte apelante únicamente expresó que se comprometió en su carácter personal. No obstante, enfatizó que estos no presentaron alegaciones específicas o prueba que rebatiera la presunción de que un oficial o accionista no respondía por las obligaciones de una corporación. Por último, destacó que en la *Demanda Contra Tercero* no se levantó la defensa de actos propios. Así pues, razonó que no existían alegaciones que justificaran mantenerlo en el pleito.

---

[10] *Moción de Reconsideración,* Anejo II, págs. 16-21 del apéndice del recurso.
[11] *Oposición a Moción de Reconsideración*, Anejo XII, págs. 72-76 del apéndice del recurso.

El 24 de enero de 2025, el foro primario notificó una *Resolución* en la cual declaró *No Ha Lugar* a la *Moción de Reconsideración*.[12]

Aún insatisfecho, el 7 de febrero de 2025, la parte apelante presentó el recurso de epígrafe que nos ocupa y señaló el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al proveer ha lugar a la solicitud de sentencia sumaria parcial bajo el argumento que la parte demandada estaba solicitando descorrer el velo corporativo de la parte demandante para que se le adjudicara responsabilidad al tercero demandado, cuando de las alegaciones surge que lo que se reclama es que el tercero demandado se obligó en su carácter personal.

El 18 de febrero de 2025, emitimos una *Resolución* mediante la cual concedimos quince (15) días a la parte apelada para comparecer por escrito y presentar su postura.

Conforme ordenado, el 4 de marzo de 2025, la parte apelada presentó su *Alegato de Parte Recurrida en Oposición a Certiorari*.

Por lo tanto, con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

El propósito de las Reglas de Procedimiento Civil es proveer a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Roldan Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018). La

---

[12] *Resolución*, Anejo III, págs. 22-23 del apéndice del recurso.

sentencia sumaria hace viable este objetivo al ser un mecanismo procesal que le permite al tribunal dictar sentencia sobre la totalidad de una reclamación, o cualquier controversia comprendida en ésta, sin la necesidad de celebrar una vista evidenciaria. J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1era ed., Colombia, 2012, pág. 218. Procede dictar sentencia sumaria si "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia si las hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica". *González Santiago v. Baxter Healthcare*, supra; *Roldan Flores v. M. Cuebas et al.*, supra; *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 225 (2015), *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 430 (2013). A su vez se recomienda, en aquellos casos en que el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 299 (2012).

Así, la sentencia sumaria "vela adecuadamente por el balance entre el derecho de todo litigante a tener su día en corte y la disposición justa rápida y económica de los litigios civiles". *Const. José Carro v. Mun. de Dorado,* supra, pág. 130; *Mejías et al. v. Carrasquillo et al.,* supra, pág. 300; *Ramos Pérez v. Univisión*, supra, pág. 220. Por lo tanto, el principio rector que debe guiar al juez de instancia en la determinación sobre si procede o no la sentencia sumaria es "el sabio discernimiento", ya que si se utiliza de manera

inadecuada puede prestarse para privar a un litigante de su día en corte, lo que sería una violación a su debido proceso de ley. *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 327-328 (2013).

Por lo anterior, es el análisis de la existencia o no de controversias esenciales y pertinentes lo que determina si procede dictar sentencia sumaria, pues, solo debe disponerse de un caso por la vía sumaria, si ello procede conforme al derecho sustantivo aplicable. *Ortiz v. Holsum,* 190 DPR 511, 525 (2014). En otras palabras, el tribunal procederá a dictar sentencia sumaria solo cuando este claramente convencido que la vista evidenciaria es innecesaria". *Nissen Holland v. Genthaller,* 172 DPR 503, 511 (2007). Reiteramos, que la duda para impedir que se dicte sentencia sumaria no puede ser cualquiera, sino debe ser de tal grado que "permita concluir que hay una controversia real y sustancial sobre hechos relevantes y pertinentes". *Ramos Pérez v. Univisión,* supra, págs. 213-214.

En el caso de revisar sentencias del Tribunal de Primera Instancia dictadas mediante el mecanismo de sentencias sumarias o resolución que deniega su aplicación, el Tribunal de Apelaciones se encuentra en la misma posición que el tribunal inferior para evaluar su procedencia. *Meléndez González et al. v. M. Cuebas*, supra. Los criterios a seguir por este foro intermedio al atender la revisión de una sentencia sumaria dictada por el foro primario han sido enumerados con exactitud por nuestro Tribunal Supremo. *Íd.* A tenor, el Tribunal de Apelaciones debe:

> 1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la

jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

Además, al revisar la determinación del foro primario respecto a una sentencia sumaria, estamos limitados de dos maneras; (1) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia, (2) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González, et al. v. M. Cuebas*, supra. El primer punto se enfoca en que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. Mientras que el segundo limita la facultad del foro apelativo a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, pero no puede adjudicarlos. *Íd.,* pág. 115. También, se ha aclarado que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia. *Vera v. Bravo*, 161 DPR 308, 335 (2004).

**-B-**

Nuestro Tribunal Supremo ha expresado que una persona contra quien se presenta una reclamación judicial puede solicitar la desestimación del pleito si es evidente que de las alegaciones incluidas en la demanda prosperará alguna de las defensas afirmativas de la Regla 10.2 de Procedimiento Civil, *supra*. Véase, *Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579 (2023). Entre estas se encuentra la defensa del inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, la cual permite la radicación de una solicitud de desestimación bajo la defensa de que la demanda "deja de exponer una reclamación que justifique la concesión de un remedio". *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 83 (2023).

Asimismo, los tribunales estarán "obligados a tomar como ciertos —y de la manera más favorable a la parte demandante— todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente". *Íd*., pág. 84. Véase, además: *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz et al. v. Jta. Dir. Firstbank,* 193 DPR 38, 49 (2015). También deberán "interpretar las alegaciones en forma conjunta y liberal, y de la manera más favorable a la parte demandante". *González Méndez v. Acción Social et al.*, supra, pág. 234; *Torres, Torres v. Torres Serrano*, 179 DPR 481, 501-502 (2010); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-429 (2008); *Roldán Rosario v. Lutron, S.M., Inc.,* 151 DPR 883, 890 (2000). En vista de ello, los tribunales no deberán desestimarla "a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo

cualesquiera hechos que pueda probar." *Trinidad Hernández v. ELA,* 188 DPR 828, 833-834, (citando a *Colón v. Lotería*, 167 DPR 625, 649 (2006)).

-C-

De otra parte, la *Ley General de Corporaciones* del 16 de diciembre de 2009 (Ley Núm. 164-2009), según enmendada, 14 LPRA secs. 3501 *et seq.*, rige los asuntos relativos a la "existencia y vida jurídica de las corporaciones privadas". *Eagle Security Police, Inc. v. Dorado,* supra, pág. 85; *Dorado del Mar Estates Homeowners Association, Inc. v. Weber*, 203 DPR 31, 45 (2019). Precisamente, las corporaciones se caracterizan por poseer una personalidad jurídica distinta y separada de sus inversionistas. *Eagle Security Police, Inc. v. Dorado,* supra, pág. 86 (citando a: C. Díaz Olivo, *Corporaciones: Tratado sobre Derecho Corporativo*, 2da ed. rev., Editorial AlmaForte, Ed., 2018, pág. 120). Véase, además: *Miramar Marine v. Citi Walk*, 198 DPR 684, 691 (2017); *Librotex, Inc. v. AAA*, 138 DPR 938, 947 (1995).

Como norma general, los accionistas o miembros no responden personalmente por las deudas de una corporación, excepto por actos propios. Núm. 164-2009, *supra*, sec. 3502. Véase, además: *Santiago et al. v. Rodríguez et al.,* 181 DPR 204, 223 (2011) (citando a Díaz Olivo, *op. cit.*, pág. 119). Tal responsabilidad se circunscribe a la que estos hayan hecho al patrimonio de la corporación. *DACo v. Alturas Fl. Dev. Corp. y otro*, 132 DPR 905 (1993).

Ahora bien, nuestro más alto foro ha expresado que los tribunales podrán descartar la personalidad jurídica de la corporación cuando estas sean un *alter ego* o

conducto económico pasivo. *DACo v. Alturas Fl. Dev. Corp. y otro*, supra, pág. 925. Un *alter ego* es cuando una corporación es un conducto o *business conduit* "de sus únicos accionistas, recibiendo éstos exclusiva y personalmente los beneficios producidos por la gestión corporativa". *Íd.*, pág. 925 (citando a: *Cruz v. Ramírez*, 75 DPR 947, 754 (1954)). En ese caso, "entonces los accionistas serían individualmente responsables si ello es necesario para evitar un fraude o la realización de un propósito ilegal o para evitar una clara inequidad o mal ("wrong")". *Íd.* Asimismo, la parte promovente de la reclamación del velo corporativo debe demostrar que no existe una separación adecuada entre la corporación y el accionista, y los hechos son tales que reconocer la personalidad jurídica sería igual a "sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen". *Íd.*, pág. 927 (citando a: *Díaz Aponte v. Comunidad*, 130 DPR 782, 798 (1992)). Asimismo, la norma de descorrer el velo corporativo se rige por los siguientes principios fundamentales:

1. La aplicación de la doctrina depende de los hechos específicos de cada caso;

2. El ignorar la entidad corporativa constituye la excepción a la regla;

3. La corporación posee una personalidad jurídica separada y distinta de sus accionistas y la regla general es al efecto de que la existencia de la corporación, independientemente de sus accionistas no puede ser ignorada o descartada;

4. El fracaso de la corporación en su gestión económica, su administración deficiente, y la falla en observar las formalidades corporativas no son por sí mismos razón suficiente para desconocer la entidad;

5. El mero hecho de que una persona sea el único accionista de una corporación no conlleva de por sí la imposición de responsabilidad individual;

6. El peso de la prueba recae sobre la parte que busca descorrer el velo y propone la imposición de responsabilidad individual a los accionistas;

7. El peso de la prueba no se descarga con la mera alegación de que la empresa es un *alter ego* de los accionistas;

8. La prueba del que solicita el desconocimiento debe ser prueba fuerte y robusta.

9. Corresponde a la parte que propone el levantamiento del velo presentar prueba que demuestre que:

(i) existe tal identidad de interés y propiedad, que la corporación y la persona de sus accionistas se hallen confundidas; y

(ii) que los hechos sean de tal naturaleza que el sostener la ficción de la corporación derrota la política pública por equivaler a sancionar la utilización de la corporación para perpetuar un fraude o promover una injusticia o ilegalidad.

Díaz Olivo, *op. cit.*, págs. 119-120. Véase, además: Santiago et al. v. Rodríguez et al., supra, pág. 223; South Porto Rico Sugar Corp. v. Junta Azucarera, 88 DPR 43, 57 (1963); Sucn. De Salvador Pérez y *Pérez et al. v. Tomás E. Gual y La Borinquen Furniture Co., Inc.*, 76 DPR 959, 964 (1954).

Además de lo anterior, si el demandante se limita a realizar alegaciones generales sobre que la corporación es un *alter ego* o que sus accionistas utilizar a la entidad para cometer fraude o ilegalidad, nada habrán alegado que sustente una reclamación de descorrer el velo corporativo. Si en efecto es así, se ha dejado de exponer en la demanda una reclamación que justifique la concesión de un remedio contra los accionistas y procede su desestimación. C. Díaz Olivo, *Mitos y Leyendas Acerca de la Doctrina de Descorrer el*

*Velo Corporativo,* 73 Rev. Jur. UPR 311, 387 (2004). Lo anterior es cónsono con la Regla 7.2 de Procedimiento Civil, *supra*, la cual expresa, "[e]n todas las aseveraciones de fraude o error, las circunstancias que constituyen el fraude o error deberán exponerse detalladamente".

### III.

En el caso de autos, la parte apelante aduce que el foro primario incidió al acoger la solicitud de sentencia sumaria parcial bajo el argumento de que estaban solicitando descorrer el velo corporativo para que se le adjudicara responsabilidad al señor Rivera. Ello cuando de las alegaciones surgía que lo que se reclamaba era que el señor Rivera se obligó en su carácter personal a culminar las obras en controversia.

Por su parte, el señor Rivera sostiene que el foro primario no incidió al desestimar sumariamente la demanda contra tercero, debido a que, la parte apelante nunca le proveyó al foro apelado prueba de que él se obligó en su carácter personal a responder por la deuda reclamada en contra de Mack Lift. A su vez, que la demanda no incluyó alegaciones o hechos que permitieran descorrer el velo corporativo para hacerlo responsable en su carácter personal por la alegada deuda corporativa. De otra parte, añadió que la parte apelante en la *Demanda Contra Tercero*, no hizo alusión a la defensa de actos propios, sino que la presentó tardíamente. Por ello, al no plantear la defensa afirmativa en su primera alegación responsiva, se da por renunciada.

Luego de evaluar la normativa relevante y los hechos particulares del caso, así como la totalidad del

expediente ante nos, concluimos que el foro primario no incidió al desestimar la demanda contra el señor Rivera. Conforme resolvió el foro apelado, luego de evaluar los hechos bien alegados en la demanda contra tercero, no encontró que, en esta se esbozara una reclamación plausible en contra del señor Rivera para justificar descorrer el velo corporativo. Por ello, el foro de instancia determinó correctamente que, el hecho de que el señor Rivera acudiera a una propiedad y acordara realizar una obras y reparaciones, no era suficiente para rebatir la presunción de que éste actuó en representación de Mack Lift y no personalmente, por lo que, procedió a desestimar la causa de acción en su contra.

Asimismo, se añade que la parte apelante no se opuso a la moción de sentencia sumaria como exige las Reglas de Procedimiento Civil. La parte apelante nada hizo para controvertir la prueba presentada por el señor Rivera en su moción de sentencia sumaria parcial y de ninguna manera, logró demostrar que existían controversias sobre algún hecho material. Enfatizamos que, es un hecho incontrovertido que el señor Rivera es director y accionista de Mack Lift, pero no tiene ninguna relación contractual en carácter personal con la parte apelante. Por ello, para que pudiese prosperar una causa de acción en contra del señor Rivera, la parte apelante tenía que haber presentado alegaciones en su demanda dirigidas a establecer que el señor Rivera se obligó en su carácter personal, lo cual no realizó.

En vista de lo anterior, concluimos que actuó correctamente el foro de instancia al desestimar la acción incoada en contra del señor Rivera.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Sentencia Parcial* apelada.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones