ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **AIDA I. RIVERA FERNÁNDEZ y OTROS**<br><br>Demandantes<br><br>v.<br><br>**DOCTORS' CENTER HOSPITAL h/n/c DOCTORS' CENTER SAN y OTROS**<br><br>Recurridos<br><br>v.<br><br>**HOME ORTHOPEDICS CORP.**<br><br>Peticionario | KLCE202500570 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2024CV07582**<br><br>Sobre: Impericia Médica |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2025.

Comparece Home Orthopedics Corp. (Home Orthopedics o tercera demandada o peticionaria) mediante el presente recurso de *Certiorari* y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 13 de mayo de 2025. Mediante el referido dictamen, el Tribunal de Primera Instancia declaró sin lugar la moción dispositiva de Home Orthopedics.

Por los fundamentos que expondremos a continuación, expedimos el recurso y revocamos al Tribunal de Primera Instancia.

### I

El 19 de agosto de 2024, la señora Aida I. Rivera Fernández (señora Rivera Fernández), el señor José A González, la señora Joaris González Rivera, la señora Sofía Victoria Mancaluso González

y la señora Linda Jeannette Díaz Rivera (en conjunto, parte demandante) presentaron una *Demanda* sobre impericia médica, negligencia hospitalaria y daños y perjuicios contra Doctor's Center Hospital, Inc. (Doctor's Center Hospital o parte recurrida), el doctor Pedro J. Tort Saadé (doctor Tort Saadé), el doctor Alfredo Crespo Velilla, el doctor José F. Ortiz Acevedo, The Medical Protective Company h/n/c Medpro, Triple S Propiedad, Inc., Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria, Compañías de Seguros A, B y C, y X, Y, Z como personas desconocidas.[1] Respecto a las personas desconocidas X, Y, Z la parte demandante expresó lo siguiente:

> 28. Por desconocer sus identidades al presente se designa con los nombres ficticios X, Y y Z a cualquier persona natural o jurídica, incluyendo pero no limitado a grupo de personas, corporaciones de servicios médico-hospitalarios, corporaciones de manejo, operación, y/o administración de la sala de emergencia, sus dueños, directores, empleados, agentes, administradores, subcontratistas, enfermeras, tecnólogos de radiología, médicos-empleados o con privilegios en el Hospital y/o profesionales de la salud del Hospital y/o del Dr. Tort y/o de cualquier otra entidad a cargo de la sala de operaciones del Hospital, entidades sociales o corporativas, compañías aseguradoras y/o reaseguradoras, que por su relación, acciones u omisiones en relación a los hechos de este caso, o sus relaciones contractuales con cualquiera de los demandados, vienen obligado(s) por disposición de ley o de otra índole a compensar solidaria o mancomunadamente, total o parcialmente, a la parte demandante por los daños reclamados en este caso. Entre dichos demandados desconocidos se incluye también a sus respectivas sociedades legales de bienes gananciales.
>
> 29. Por información o creencia, las personas desconocidas identificadas en el párrafo anterior negligentemente fallaron en descargar sus responsabilidades en relación con el tratamiento y la intervención practicada a la Lcda. Rivera, lo que permitió, ocasionó y/o contribuyó a los daños sufridos y reclamados. Por desconocerse la precisa identidad de estos demandados, se les designa con los nombres figurados antes señalados, los cuales serán sustituidos por los correctos tan pronto se conozcan.

---

[1] Apéndice del recurso de *Certiorari,* págs. 1-38.

En síntesis, la señora Rivera Fernández alegó que, el 21 de agosto de 2023, fue admitida al Doctor's Center Hospital para realizarse una cirugía de reemplazo total de la rodilla izquierda por el doctor Tort Saadé. Adujo que, durante el procedimiento, sufrió una lesión y/o quemadura en la parte posterior del muslo que empeoró, por lo cual se vio en la obligación de realizarse tratamientos y hasta una cirugía para sanar. Como parte de sus alegaciones, la parte demandante expresó lo siguiente:

> 61. El 19 de septiembre de 2023, la Lcda. Rivera **recibió un mensaje de texto del Dr. Tort que reza en parte como sigue: "Te voy a envié [sic] la información del hospital y la compañía de implantes para q puedas solicitar el pago de los responsables del Incidente**: 1-hospital Doctors San Juan / administradora Michelle Taveira; 2-**Home Orthopedics** / Representante de Zimmer-Biomet: dueño-Jesus Rodríguez ".

El 28 de octubre de 2024, el doctor Tort Saadé presentó su *Contestación a la Demanda*.[2] En dicho escrito, realizó sus alegaciones responsivas y plasmó sus defensas afirmativas, en específico, sobre la alegación sesenta y uno (61) de la *Demanda*, expresó lo siguiente: "61. La alegación contenida en el párrafo 61 de la demanda se acepta".

Por su parte, el 27 de noviembre de 2024, el Doctor's Center Hospital y Medpro presentaron su *Contestación a Demanda*.[3] En el referido escrito, presentaron sus alegaciones responsivas y plantearon defensas afirmativas, entre estas alegaron no responder por daños causados por terceros.

Así las cosas, el 17 de marzo de 2025 Doctor's Center Hospital presentó una *Demanda Contra Tercero* para incluir a Home Orthopedics como tercero demandado.[4] En síntesis, alegó que Home Orthopedics era responsable de la alegada lesión y/o quemadura sufrida por la señora Rivera Fernández.

---

[2] Apéndice del recurso de *Certiorari*, págs. 39-55.
[3] *Íd.* págs. 56-73.
[4] *Íd.* págs. 74-78.

En respuesta, Home Orthopedics presentó una *Moción de Desestimación* el 16 de abril de 2025.[5] En esencia, adujo que la reclamación instada por Doctor's Center Hospital no justificaba la concesión de un remedio pues la causa de acción en su contra se encontraba prescrita.

El 12 de mayo de 2025 el Doctor's Center Hospital presentó su *Oposición a Moción de Desestimación*.[6] En primer lugar, alegó que, mediante el descubrimiento de prueba advino en conocimiento de que Home Orthopedics brindó los servicios técnicos quirúrgicos y suplidos en la cirugía de reemplazo a la que se sometió la señora Rivera Fernández. En específico, adujo que luego de conocer la información sustentada en la declaración jurada suscrita por el técnico quirúrgico del Doctor's Center Hospital Kidany A. Carraquillo el 10 de marzo de 2025, prosiguió con la presentación de su causa de acción, luego de presentar su *Contestación a Demanda,* dentro del término prescriptivo. Del mismo modo, arguyó que la parte demandante al incluir a demandados de nombre desconocido en su *Demanda* del 19 de agosto de 2024, por unos supuestos hechos ocurridos el 23 de agosto de 2023, interrumpió el término prescriptivo contra Home Orthopedics.

Finalmente, el 13 de mayo de 2025 el Tribunal de Primera Instancia emitió una *Resolución* en la que declaró sin lugar la *Moción de Desestimación* de Home Orthopedics y le concedió diez días para contestar la *Demanda Contra Tercero.*

Inconforme, 27 de mayo de 2025 la parte peticionaria compareció ante nos mediante una *Moción Urgente en Auxilio de Jurisdicción* la cual fue declarada No Ha Lugar por esta curia mediante *Resolución* del mismo día. Del mismo modo, la parte

---

[5] *Íd.* págs. 79-84.
[6] Apéndice del recurso de *Certiorari,* págs. 85-96.

peticionaria presentó su recurso de *Certiorari* y nos planteó la comisión del siguiente error:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA DEMANDA CONTRA TERCERO NO ESTÁ PRESCRITA.

Por su parte, la parte recurrida compareció ante nos el 9 de junio de 2025 mediante su *Oposición a la Expedición del Recurso de Certiorari.*

Contando con la comparecencia de ambas partes, procedemos a resolver.

**II**

**A**

El auto de *certiorari* es aquel vehículo procesal extraordinario, de carácter discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); Véase, además, a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Para este recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de *certiorari* sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2)

asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de *certiorari*, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de *certiorari*, no tiene que fundamentar su determinación. *Íd.*, R. 52.1

**B**

La prescripción es una defensa que se utiliza contra la persona que no ejercita un derecho o acción dentro del plazo fijado por ley para invocarlo. Artículo 1189 del Código Civil de Puerto Rico del 2020, 31 LPRA sec. 9481. Las acciones prescriben por el tiempo que se les es fijado por ley. *Íd.* Las acciones de responsabilidad civil

extracontractual, por su lado, prescriben por el transcurso de un año desde que la persona agraviada conoce de la existencia del daño y por quien fue causado. Artículo 1204 (a) del Código Civil de Puerto Rico del 2020, 31 LPRA sec. 9496. Una vez transcurrido el plazo establecido en ley para ejercer una acción, la prescripción operará siempre y cuando sea alegada por la persona contra quien se pretende ejercer la causa de acción. Artículo 1192 del Código Civil de Puerto Rico del 2020, 31 LPRA sec. 9484.

No obstante, a lo anterior, el término prescriptivo puede ser interrumpido si ocurre una de estas tres situaciones:

> (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja;
> (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o
> (c) por el reconocimiento de la obligación por el deudor.
>
> Artículo 1197 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9489.

El efecto que conlleva la interrupción del término prescriptivo es que el mismo comenzará a transcurrir luego de la referida interrupción.

En nuestro ordenamiento jurídico, la teoría cognoscitiva del daño establece que el término prescriptivo de las acciones en daños y perjuicios comienza a transcurrir cuando el reclamante conoció o debió conocer que: (1) sufrió un daño, (2) quién se lo causó y (3) los elementos necesarios para poder ejercitar efectivamente su causa de acción. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012). Del mismo modo, el Tribunal Supremo ha expresado que, si el desconocimiento de estos elementos se debe a la falta de diligencia de quien ejerce la causa de acción, entonces no serán aplicables las consideraciones sobre la prescripción. *Íd.*

Conforme la doctrina de solidaridad impropia, en el ámbito de las reclamaciones de responsabilidad civil extracontractual en

donde existan varios cocausantes del daño, el promovente de la acción en daños viene obligado a interrumpir el término prescriptivo individual sobre cada cocausante. *Pérez et al. v. Lares Medical et al.*, 207 DPR 965, 980 (2021). Esto es así pues la interrupción de la prescripción en la solidaridad impropia no favorece o perjudica por igual a cada deudor. *Íd.*

El Tribunal Supremo ha reconocido que en acciones de nivelación entre cocausantes de un daño, si la reclamación principal sobre daños y perjuicios se encuentra prescrita a favor de uno de estos, la acción de nivelación entre los cocausantes se torna improcedente. *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 208 (2016). Esto es así pues al prescribir la reclamación original sobre daños y perjuicios a favor de un cocausante, éste queda liberado de tener que responder ante los otros cocausantes del daño, porque su responsabilidad deja de ser exigible. *Íd.* Del mismo modo, Tribunal Supremo expresa que:

> ...[S]i la reclamación del perjudicado contra determinado cocausante está prescrita, ninguno de los cocausantes demandados a tiempo puede traerlo al pleito para que le responda al perjudicado. Al estar prescrita a su favor la causa de acción, ese cocausante no está sujeto a responderle al perjudicado. Asimismo, los cocausantes demandados tampoco pueden, mediante demanda contra tercero, presentar en su contra una acción de nivelación contingente, pues al extinguirse el derecho del perjudicado a exigir responsabilidad de ese cocausante, cesa la obligación para los demás cocausantes de responder por la parte de aquel en el daño.

*Maldonado Rivera v. Suárez y otros*, supra. pág. 209.

### C

A tenor con la Regla 10 de Procedimiento Civil, supra, R. 10, la parte demandada puede presentar tres (3) tipos de mociones previo a contestar la demanda presentada en su contra: (1) solicitud de desestimación; (2) solicitud para solicitar una exposición más definida; (3) y moción eliminatoria. Véase, además, *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024). Asimismo, una

persona contra quien se presentó una reclamación judicial puede solicitar la desestimación del pleito si es evidente que de las alegaciones incluidas en la demanda prosperará alguna de las defensas afirmativas de la Regla 10.2 de Procedimiento Civil, supra. Véase, *Comisión v. González Freyre et al.*, 211 DPR 579 (2023); *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 83 (2023); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012). A tenor con ello, la parte demandada puede presentar una solicitud de desestimación invocando que la demanda "deja de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, supra, R. 10.2 (5); *Eagle Security Police, Inc. v. Dorado, supra,* pág. 83. Asimismo, la desestimación solicitada "se dirigen a los méritos de la controversia y no a los aspectos procesales del caso como las demás mociones de desestimación bajo la Regla 10.2 de Procedimiento Civil, supra". *Montañez v. Hosp. Metropolitano*, 157 DPR 96, 104-105 (2002); véase, además, *Eagle Security Police, Inc. v. Dorado*, supra, pág. 83.

El tratadista Rafael Hernández Colón ha expresado que, como regla general, las mociones de desestimación se deciden a base de lo alegado en la alegación contra quien se dirigen, pero si se alega falta de jurisdicción sobre la persona el juzgador o juzgadora de los hechos podrá realizar cualquiera de las siguientes opciones:

> (1) evaluar la moción tomando en consideración sólo las alegaciones de la demanda, o
>
> (2) analizar los documentos y declaraciones juradas, si alguno, conjuntamente con las alegaciones y los documentos y contradeclaraciones juradas que presente el demandante en su oposición, o
>
> (3) señalar una vista evidenciaria, o
>
> (4) posponer la decisión para después de la vista en su fondo.
>
> R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta ed. rev., Ed. LexisNexis, 2010, sec. 2606, pág. 308.

Una vez se presenta este tipo de moción, los Tribunales estarán "obligados a tomar como ciertos —y de la manera más favorable a la parte demandante— todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente". *Eagle Security Police, Inc. v. Dorado*, supra, pág. 84; véase, además, *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz et al. v. Jta. Dir. Firstbank*, 193 DPR 38, 49 (2015). También deberán "interpretar las alegaciones en forma conjunta y liberal, y de la manera más favorable a la parte demandante". *González Méndez v. Acción Social et al.*, supra, pág. 234; *Torres, Torres v. Torres Serrano*, 179 DPR 481, 501-502 (2010); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428-429 (2008); *Roldán Rosario v. Lutron, S.M., Inc.*, 151 DPR 883, 890 (2000). En vista de ello, los Tribunales no deberán desestimarla "a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar". *Trinidad Hernández v. ELA*, 188 DPR 828, 833-834 (2013), citando a *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Ortiz Matías v. Mora Development*, 187 DPR 649, 654 (2013).

**III**

La parte peticionaria nos plantea que el Tribunal de Primera Instancia incidió al determinar que la *Demanda Contra Tercero* no se encontraba prescrita. Le asiste razón. Veamos.

En el caso ante nuestra consideración surge de las alegaciones presentadas por la señora Rivera Fernández el **19 de agosto de 2024**, que el doctor Tort Saadé le envió un mensaje el **19 de septiembre de 2023** en el cual éste le compartió información sobre las personas responsables del incidente, entre las personas mencionadas se encontraba la parte peticionaria.[7] Esta alegación

---

[7] Véase, Apéndice del recurso de *Certiorari*, pág. 10.

fue luego confirmada por el doctor Tort Saadé en su *Contestación a la Demanda*.[8] Por su parte, el **17 de marzo de 2025** la parte recurrida presentó una *Demanda Contra Tercero* para incluir a la parte peticionaria como tercero demandado.[9] Ante ello, la parte peticionaria presentó una *Moción de Desestimación* el 16 de abril de 2025, en la cual expresó que la reclamación instada por la parte recurrida no justificaba la concesión de un remedio pues se encontraba prescrita.

Tomando en consideración lo antes expuesto, y luego de un análisis del legajo judicial, concluimos que erró el Tribunal de Primera Instancia al no desestimar la *Demanda Contra Tercero* pues esta se encontraba prescrita. Conforme a la normativa antes expuesta sobre la teoría cognoscitiva del daño, la señora Rivera Fernández advino en conocimiento sobre la posible intervención de la parte peticionaria en su causa de acción desde el **19 de septiembre de 2023**. A raíz de esto, la señora Rivera Fernández debió interrumpir el término prescriptivo contra este posible cocausante del daño en o antes del **19 de septiembre de 2024**. A su vez, era el deber de la parte recurrida presentar una acción de nivelación para añadir a la parte peticionaria al pleito, dentro del término prescriptivo. Debido a que la señora Rivera Fernández no incluyó a la parte peticionaria como parte demandada en la *Demanda* original, su causa de acción en daños y perjuicios prescribió a favor de la parte peticionaria. Por tanto, al estar prescrita, la parte recurrida se veía imposibilitada de traer a la parte peticionaria como un tercero demandado el **17 de marzo de 2025**. Esto es así, pues al estar prescrita a su favor la causa de acción, la parte peticionaria no quedaba sujeta a responderle a la señora

---

[8] Véase, Apéndice del recurso de *Certiorari*, pág. 48.
[9] Véase, Apéndice del recurso de *Certiorari*, págs. 74-78.

Rivera Fernández, al resto de los demandantes ni a la parte recurrida en cualquier remedio que proceda en ley.

**IV**

Por las razones discutidas, expedimos el auto solicitado y revocamos la determinación del foro primario. Devolvemos el caso al TPI para la continuación de los procedimientos acorde con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones